UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sherrie Reed, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24 C 3186 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| Vintage Healthcare Services, Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum Opinion and Order**

Before the Court is Defendants Vintage Healthcare Services, Inc. and Eno Akano's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11.) For the reasons stated below, Defendants' motion to dismiss is denied.

**Background**

The Court takes the below facts from the well-pleaded allegations in Plaintiff's complaint, which are accepted as true for purposes of Defendants' motion to dismiss. *United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016).

Plaintiff Sherrie Reed worked for Defendants as a certified nursing assistant ("CNA") from approximately the Fall of 2021 through August 8, 2023. Defendants assigned Reed to work with clients at their homes, largely performing tasks that required CNA training. During Reed's tenure, Defendants controlled the number of hours Reed worked, frequently scheduled Reed to work more than 40 hours per week, paid Reed at an hourly rate, and supplied Reed with policies and procedures she was expected to follow. At no time did Defendants pay Reed overtime. Reed's work affected commerce.

The Fair Labor Standards Act ("FLSA") provides, subject to certain exceptions not raised, that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

On April 19, 2024, Reed sued Defendants under the FLSA for unpaid overtime. On August 8, 2024, Defendants moved to dismiss Reed's complaint for failure to state a claim, arguing that Reed was not an employee for purposes of the FLSA.

**Legal Standard**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## Discussion

Defendants argue that Reed has failed to plead sufficient facts to demonstrate that she was an employee, as required to recover under the FLSA. (ECF No. 11 at 1, 3–4.) To determine whether an individual is an employee under the FLSA, courts analyze "the economic reality of the working relationship, not necessarily the terms of a written contract." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 662 (7th Cir. 2022). Mere classification as an employee or independent contractor does not establish employment status for the purpose of the FLSA, as "[t]he FLSA is designed to defeat rather than implement contractual arrangements." *Id.* (citation and quotations omitted).

Instead, courts consider:

> 1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; 4) whether the service rendered requires a special skill; 5) the degree of permanency and duration of the working relationship; and 6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Id.* at 665.

None of these factors is decisive; instead, courts look to whether the complaint alleges facts supporting a plausible inference that a plaintiff was "so controlled by and dependent on [a defendant] that he must be considered an employee as a matter of economic reality." *Id.* at 672.

The Court agrees with the wealth of recent authority in this District that the present dispute is best resolved at the summary-judgment stage, once a full factual record has been developed. *Tapia v. Infinity Janitorial Contractors, Inc.*, No. 23 CV 14291, 2024 WL 5107284, at *1 (N.D. Ill. Dec. 12, 2024) ("It is premature, however, to conduct this extensive analysis at the initial pleading stage." (citations and quotations omitted)); *Vasquez v. Toko Elec. LLC*, No.

23 CV 1799, 2024 WL 36863, at *2 (N.D. Ill. Jan. 3, 2024) ("It would be premature to conduct such a fact-intensive analysis at the pleadings stage without the benefit of discovery."); *Dalton v. Sweet Honey Tea, Inc.*, No. 23 CV 01793, 2023 WL 8281524, at *7 (N.D. Ill. Nov. 30, 2023) ("Defendants' argument that Dalton was not misclassified, but was indeed an independent contractor, presents a factual dispute that is more properly resolved at summary judgment."); *Brown v. Club Assist Rd. Serv. U.S., Inc.*, No. 12 CV 5710, 2013 WL 5304100, at *6 (N.D. Ill. Sept. 19, 2013) ("[W]hether the final analysis goes to Plaintiffs or Defendant is a matter more appropriately resolved at summary judgment.").

Still, the Court evaluates the relevant factors and concludes that Reed's well-pleaded allegations plausibly demonstrate that she was Defendants' employee as a matter of economic reality.

### A. Control

As to the first factor, control is exercised over the manner of work when a plaintiff does "not independently determine the manner and method of performing their jobs." *Solis v. Int'l Detective & Protective Serv., Ltd.*, 819 F. Supp. 2d 740, 750 (N.D. Ill. 2011); *see also Brant*, 43 F.4th at 666 ("One way to understand this factor is to ask whether the worker has control over such a meaningful portion of his labor that he operates as a separate economic entity, i.e., as an independent contractor."); *Harper v. Wilson*, 302 F. Supp. 2d 873, 878 (N.D. Ill. 2004) (holding that control was demonstrated when an employee was "permitted to exercise discretion [but] control remained with the Defendants.")

The Complaint alleges Reed "was assigned to five different client's homes" with assignments "at particular places and times," (ECF No. 1 ¶¶ 17, 37), "the clients were customers of Vintage," *(id.* ¶ 23), "Defendants managed Ms. Reed's work and the number of hours she worked," *(id.* ¶ 24), and Defendant controlled all policies related to Reed's position and expected Reed to follow such policies, *(id.* ¶¶ 25, 28). Taking Reed's allegations as true, there is no indication that she was afforded discretion, as she had little, if any, ability to determine the manner of performing her work. As such, this factor supports her status as an employee.

### B. Profit and Loss

As to the second factor, Defendants allege that the "Complaint is silent as to allegations of [Reed's] opportunity for profit or loss." (ECF No. 15 at 3). This Court disagrees. Reed alleges that she was paid hourly and that Defendants set her schedule, (ECF No. 1 ¶¶ 23–24), and as such her "performance had no correlation to the amount [she] earned." *Solis*, 819 F. Supp. 2d at, 751; *see also Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767, 776 (N.D. Ill. 2015) (holding this factor favored denying motion to dismiss when "the complaint's allegations support the inference that the opportunity for profit or loss depended on instructions given by supervisors, not individual managerial skill"). Further, the Seventh Circuit has held that this factor favors employee status when the only loss for poor performance is a reduction in income

earned and the loss in a minor investment, such as the loss of the cost of work gloves. *Sec'y of Lab., U.S. Dep't of Lab. v. Lauritzen*, 835 F.2d 1529, 1536 (7th Cir. 1987); *see also Harper*, 302 F. Supp. 2d at 879 (holding this factor favors employment when salary is unrelated to an employer's profit or loss and poor work performance and could only lead to termination). Because Reed has alleged facts indicating that her compensation was tied solely to hours worked, this factor supports her status as an employee.

### C. Investment

Reading the complaint in the light most favorable to Reed and taking all reasonable inferences in her favor, the third factor supports Reed's status as an employee. In analyzing this factor, courts consider whether the alleged employee is required to make large capital investments. *Lauritzen*, 835 F.2d at 1537. Reed explicitly alleges that she "had no unreimbursed expenses" and that she "was not permitted to incur expenses on Vintage's behalf without a supervisor's approval." (ECF No. 1 ¶¶ 23, 29.) From these allegations, a reasonable inference is that Reed had at least certain expenses reimbursed, and no allegations indicate that she invested in any materials of her own, let alone any significant expenditures that would rise to the level of a large capital investment. This factor thus favors employee status.

### D. Specialized Skills

As to the fourth factor, the complaint does not allege facts indicating that Reed had the type of specialized skills that weigh in favor of independent-contractor status. Specialized skills weigh in favor of independent-contractor status "because independent contractors often develop relationships with many businesses based on expertise and can command higher rates through superior performance." *Brant*, 43 F.4th at 671. Reed alleges that she did not own a separate nursing business, (ECF No. 1 ¶ 23), and no allegations indicate that she was ever able to command higher rates through superior performance. Instead, she alleges only that Defendants employed her at an hourly rate. (*Id.*) At best, this factor is neutral towards determining whether Reed is an independent contractor or employee.

### E. Permanency of the Relationship

Reed's allegations clearly support status as an employee under the fifth factor, as she alleges explicitly that she "had a permanent relationship with Vintage." (*Id.*) In addition, Reed worked for Defendants for approximately two years. (*Id.* ¶ 13.) These allegations weigh in favor of Reed's status as an employee. *Lauritzen*, 835 F.2d at 1537 (7th Cir. 1987) (seasonal migrant workers who returned year after year was "an indication of permanence"); *see also Harper*, 302 F.Supp.2d at 879 (holding that an employment relationship was intended to be permanent despite no contract governing the terms of employment and an employment period lasting only six weeks).

### F. Integral Part of Alleged Employer's Business

4

Finally, as for the sixth factor, the Court cannot rule out that the provision of CNA services was an integral part of Defendants' business—which, after all, is named Vintage Healthcare Services. *Lauritzen*, 835 F.2d at 1537–38 ("It does not take much of a record to demonstrate that picking the pickles is a necessary and integral part of the pickle business unless the employer's investment, planting, and cultivating activities are only to serve the purpose of raising ornamental pickle vines."). Further, Reed alleges that her work involved Defendants' clients, (ECF No. 1 ¶ 23), that Defendants employed other CNAs, (*id.* ¶ 33), that Defendants had sufficient clients that she was routinely scheduled to worked over 40 hours per week, (*id.* ¶ 34), and that she worked up to 168 hours in a roughly two-week period, (*id.* ¶ 35). Taking these allegations in the light most favorable to Reed, providing CNA services was a significant part of Defendants' business, and without a further developed factual record, "it is difficult to understand how [Defendant] would function" without CNAs. *Deschepper*, 84 F. Supp. 3d at 776.

### G. Weighing the Factors

Because Reed has plausibly alleged that she is an employee under five of the six factors, she pleads adequate facts to survive a motion to dismiss. *Brant*, 43 F.4th at 672 (overturning an order granting a motion to dismiss when "five of the six factors, including control, weigh in favor of employee status, and the sixth is at best neutral"). This is adequate in light of the pleading standard at the motion-to-dismiss stage. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (quotations omitted)).

### H. Defendant Akano

Separately, Defendants argue for the first time in reply that Reed's complaint should be dismissed as to Defendant Akano because it fails to demonstrate that Reed was employed by Defendant Akano. (ECF No. 15, at 3-4.) Because this argument was not raised in Defendants' Motion to Dismiss, it is deemed waived. *Daoud v. City of Chicago*, No. 21 C 6663, 2023 WL 5389015, at *5 (N.D. Ill. Aug. 22, 2023) ("However, because this argument was raised for the first time in the City Defendants' reply brief and Daoud did not have an opportunity to respond to it, the Court ignores it.")

## Conclusion

For the reasons stated above, the Court denies Defendant's Motion to Dismiss. (ECF No. 11.) Defendants' answers are due fourteen days after the entry of this order.

**SO ORDERED.**                           **ENTERED: January 6, 2025**

                                                               **HON. JORGE ALONSO**
                                                                **United States District Judge**